UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR MANUEL ARROYO
ESTRADA, A-220-790-949,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  1:26-cv-02413-TLN-EFB

FINDINGS AND RECOMMENDATIONS
(ECF No. 1)

Petitioner is a noncitizen presently held in immigration detention, who seeks habeas corpus relief under 28 U.S.C. § 2241.  ECF No. 1.  This matter was referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B).  ECF No. 4.  For the reasons set forth below, the undersigned recommends the petition be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1.  Factual Background[1]

Petitioner is a citizen and national of Mexico, who has entered and departed the United States multiple times since at least 1997.  ECF No. 1 at 8-9, Exs. 2, 4, 5.  In 2019, a Mexican court issued an arrest warrant for petitioner for murder.  *Id*. at 8-9, Ex. 6.  On November 2, 2022, petitioner filed with Citizenship and Immigration Services (USCIS) a Supplement A to Form I-914, Application for Derivative T Nonimmigrant Status, as well as two applications for

---

[1] The facts described herein are uncontested unless otherwise noted.

1

employment authorization.  ECF No. 1 at 8-9, Ex. 5.

At some point, petitioner departed the United States at a port of entry and then attempted to re-enter at the San Ysidro, California, port of entry, on April 30, 2023.  ECF No. 1 at 8-9.  Petitioner applied for admission at that time, then withdrew his application.  *Id*.  Petitioner then entered the United States on October 20, 2023.  *Id*. at 8-9, Ex. 5.  At that time, he was encountered by Department of Homeland Security (DHS) agents and not admitted.  *Id*.  Instead, DHS issued petitioner a notice to appear at removal proceedings and released him on parole.  *Id*.; ECF No. 8 at 1, Ex. 1.  He was charged with removability under section 212(a)(7)(A)(1)(i) of the Immigration and Nationality Act (INA).  ECF No. 8, Ex. 1.  That parole expired on October 18, 2024.  ECF No. 1, Ex. 5.

On December 2, 2024, USCIS approved petitioner's Supplement A to Form I-914.  ECF No. 1 at 8-9, Ex. 5.  At the time of the approval, petitioner was informed that his T-visa was valid from December 2, 2024 through October 27, 2028.  *Id*. at 8-9, Ex. 1.  On December 2, 2024, as well, USCIS approved one of petitioner's applications for employment authorization, and, on February 11, 2025, USCIS approved the second application.  *Id*. at 8-9, Ex. 5.  These will expire on October 27, 2028 and February 10, 2029, respectively.  *Id*.

On March 5, 2026, DHS agents arrested petitioner pursuant to an arrest warrant.  ECF No. 1 at 9; ECF No. 8 at 2.  The cited basis for arrest was violation of section 212(a)(6)(C)(i) of the INA, which alleges procurement of a visa or other admission into the United States on the basis of fraud or misrepresentation.  ECF No. 1, Ex. 5.  On March 9, 2026, petitioner was served with a Notice of Intent to Revoke his T visa status, on the basis of his having violated sections 212(a)(6)(C)(i) and 212(a)(6)(E)(i) of the INA.  ECF No. 1, Ex. 4; *see also id*., Ex. 2; ECF No. 8 at 2.

Petitioner remains presently detained, although respondents represent that he is eligible for a bond hearing under 8 U.S.C. § 1226(a) and has not requested one.  ECF No. 1 at 6; ECF No. 8 at 1-2; ECF No. 9 at 1-2.

////

////

**2. Procedural Background**

Petitioner initiated this action in propria persona via a verified petition for writ of habeas corpus, on March 30, 2026.  ECF No. 1.  On April 1, 2026, the proceeding was referred to the undersigned, ECF No. 4, who appointed counsel for petitioner on April 9, 2026.  ECF No. 6.  Respondents filed an answer on April 22, 2026, ECF No. 8, and petitioner filed a reply on April 26, 2026.  ECF No. 9.  On May 14, 2026, in response to the court's order, petitioner filed a status report stating that he remains detained.  ECF No. 12; *see* ECF No. 10.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner asserts two claims for relief.  In his first claim, petitioner alleges that his arrest and detention without a bond hearing violates his rights to due process under the Fifth Amendment.  In his second claim, he alleges that his detention under 8 U.S.C. §§ 1225(b)(1), 1225(b)(2), or 1226(c) violates the Immigration and Nationality Act.  ECF No. 1 at 15-18.  Respondents assert that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and argue that his claims should be exhausted and that, if a remedy is ordered, the court order a bond hearing be held in lieu of ordering petitioner's immediate release.  ECF No. 8.  The undersigned finds that petitioner has not demonstrated his entitlement to relief on either claim and recommends the petition be denied.

**1. Claim One: Violation of Right to Due Process**

The due process clause of the Fifth Amendment protects persons in the United States from being deprived of life, liberty, or property without due process of law, including noncitizens who are subject to detention prior to removal.  *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens,

3

whether their presence here is lawful, unlawful, temporary, or permanent").  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Courts examine procedural due process claims in two steps.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  The first step asks whether a protected liberty or property interest exists, and the second step examines the constitutional adequacy of the procedures employed by the State to interfere with that interest.  *Id*.

Here, at the first step, it is unquestionable that freedom from detention is a liberty interest cognizable under the due process clause.  *See, e.g.*, *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").  In their briefing, the parties have detailed, to some extent, petitioner's immigration history and status, including that, at the time of petitioner's arrest, he held a T-visa, which the Government has noticed its intent to revoke.  ECF No. 1 at 8-9, Exs. 1, 5; ECF No. 8 at 1-2.  As far as petitioner's liberty interest in his freedom from detention, however, little of this history has relevance.  Under the Immigration and Nationality Act, the authority of the Government to detain a noncitizen is governed by 8 U.S.C. §§ 1225, 1226, and 1231.  The former two sections apply to those noncitizens for whom a final order of removal has not been issued, while section 1231 applies to the detention of a noncitizen whose removal order is final.  8 U.S.C. §§ 1225, 1226, 1231; *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-98 (9th Cir. 2022).  Thus, while petitioner's visa status and its revocation may be the central question in his removal proceedings, the Government's authority to detain petitioner during the pendency of those removal proceedings and beyond relies, largely, on the question of whether there is a final removal order against him.  *See Rodriguez Diaz*, 53 F.4th at 1196-98; *see also Mohammed H. v. Trump*, 781 F. Supp. 3d 886, 894 n.2 (D. Minn. 2025) ("While visa revocation may give rise to removal proceedings, ICE's authority to detain remains tied to the statutory grounds of removability.").  Here, the parties do not dispute that petitioner has not received a final order of removal.  *See* ECF Nos. 1, 8, 9.  As such, petitioner's present detention is authorized under only 8 U.S.C. § 1225 or § 1226; respondents acknowledge this and

4

represent that petitioner's present detention is pursuant to 8 U.S.C. § 1226(a).  ECF No. 8 at 2-4.  Consequently, petitioner has shown that he has a cognizable liberty interest in freedom from detention.  *See Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (holding that a noncitizen detained under 8 U.S.C. § 1226(a) possesses a liberty interest in freedom from detention cognizable under the Due Process Clause).

Petitioner fails, however, to demonstrate that the process by which he was and is detained violated or violates his due process rights.  Petitioner argues that respondents' arrest of petitioner, while he was holding a then-valid T-visa and without a showing that he was a flight risk or danger to the community, violated his right to due process and, ergo, his ongoing detention flows from that violation.  ECF No. 9 at 2-3.  This argument is unavailing.  As explained *ante*, nothing in the text of 8 U.S.C. § 1226(a) or otherwise in the INA exempts T-visa holders from the detention provisions in that subsection.  Petitioner's argument that the arrest was unlawful because petitioner is not a flight risk or danger to the community also appears unsupported by legal authority.  Section 1226(a) provides expressly that a noncitizen not subject to a final removal order may be arrested or detained "[o]n a warrant issued by the Attorney General . . . pending a decision on whether the [noncitizen] is to be removed from the United States."  8 U.S.C. § 1226(a).  Here, the undisputed evidence is that respondents arrested petitioner on March 5, 2026 pursuant to an arrest warrant, issued by an immigration officer, which charged him with removability under section 236 and 287 of the INA on the basis that there was probable cause to believe he was removable under U.S. immigration law.  ECF No. 8, Ex. 1 at 5; *see* ECF 9; *see generally* 28 U.S.C. § 2248 (if not traversed, factual allegations in the answer are treated as true unless the record indicates they are not true).  Petitioner makes no argument why the due process concerns that form the basis for claim one are not satisfied by the statute's warrant requirement and respondents' compliance with same in his case; indeed, petitioner's arguments do not acknowledge that he was arrested pursuant to warrant, in accordance with the statute he alleges governs his detention.  *See* ECF Nos. 1, 8.  Courts uniformly have found that there is no due process violation where the government complies with the requirements of 8 U.S.C. § 1226(a) in arresting and detaining a noncitizen.  *See, e.g., Barry v. Lyons,* No. 1:26-CV-00504-KWR-KRS,

2026 WL 926218, at *6 (D.N.M. Apr. 6, 2026); *Trega v. Bondi*, No. 2:25-CV-00643-JAW, 2026 WL 127617, at *5 (D. Me. Jan. 16, 2026); *Lopez Benitez v. Francis,* 795 F. Supp. 3d 475, 492 (S.D.N.Y. 2025); *see also Kaur v. United States Dep't of Homeland Sec.*, 813 F. Supp. 3d 1167, 1171 (E.D. Cal. 2025) (due process concerns satisfied by petitioner being given a bond hearing in accordance with 8 U.S.C. § 1226(a)); *Lucia O.G. v. Albarran*, No. 1:26-CV-00010-TLN-DMC, 2026 WL 19105, at *4 (E.D. Cal. Jan. 3, 2026) (describing the bond hearing procedure in § 1226(a) as "the very processes owed to Petitioner" as a matter of procedural due process); *Vileyby B.R. v. Lyons*, No. 1:26-CV-00512-TLN-AC, 2026 WL 504649, at *4 (E.D. Cal. Feb. 24, 2026) ("Due process . . . required that the petitioner receive a hearing before a neutral decisionmaker that complies with 8 U.S.C. § 1226(a) and related laws and regulations if he were to be re-detained."); *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *6 (E.D. Cal. Dec. 11, 2025) (same).  Petitioner here has made no showing that a contrary conclusion is compelled in his case.

Petitioner also fails to show that, irrespective of the lawfulness of his arrest, his ongoing detention violates his rights to due process because his continued detention without a bond hearing violates his rights to due process.  ECF No. 1 at 15-16; ECF No. 9 at 3-6.  Petitioner fails to show that respondents have deprived him of a bond hearing.  In their answer, respondents represent that petitioner is presently detained under 8 U.S.C. § 1226(a) and, accordingly, that he is entitled to a bond hearing before an Immigration Judge that complies with § 1226(a) and its implementing regulations.  ECF No. 8 at 2-4.  Respondents have presented evidence, in the form of a declaration from counsel, that respondents have offered petitioner a bond hearing under § 1226(a) but he has, through counsel, refused that offer.  ECF No. 8, Ex. 2.  Petitioner does not refute these facts.  ECF No. 9.  Consequently, petitioner has failed to show that actions of respondents have violated and continue to violate petitioner's due process rights by depriving him of the bond hearing to which he is legally entitled; the unrefuted facts before the court are that no such deprivation has occurred.

The cases on which petitioner relies in his reply brief do not impugn this conclusion. Petitioner argues that a district court recently "found that the detention of a noncitizen with T visa

6

deferred action violated her due process rights despite her conviction for child neglect." ECF No. 9 at 2 (*citing A.T. v. Baltazar*, No. 26-CV-00925-NYW, 2026 WL 962595, at *1 (D. Colo. Apr. 9, 2026)). In that case, however, the Government claimed that the petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b), and the district court rejected this, holding that petitioner was instead properly detained under § 1226(a), and, for this reason, was entitled to a bond hearing under that section. *A.T.*, 2026 WL 962595, at *4. Because the Government refused to provide her the bond hearing she was entitled under the statute, petitioner's continued detention violated her due process rights. *Id.* Here, in contrast, respondents do not dispute that they are detaining petitioner pursuant to § 1226(a), do not dispute that he is entitled to a bond hearing, and have offered him a bond hearing, which he has refused. *See* ECF No. 8, Ex. 2. Therefore, *A.T.* does not provide support for petitioner's argument that a due process violation has occurred in this case, entitling him to habeas corpus relief.

Similarly unpersuasive is petitioner's reliance on *Gama v. Bondi*, No. 2:25-CV-01925-TL, 2025 WL 3559942, at *1 (W.D. Wash. Dec. 12, 2025). *See* ECF No. 9 at 2-3. There, the petitioner was ordered removed and detained under § 1231(a), but also had a valid, unrevoked U-visa at the time. *Gama*, 2025 WL 3559942 at *1. The court held that the visa precluded petitioner's removal and, consequently, his detention pending removal was not authorized. *Id.* at *3. Here, however, respondents have noticed to petitioner intent to revoke his T-visa and to initiate proceedings to remove him as a result. Petitioner has not shown that there is a legal impropriety in the revocation of his visa that would preclude his removal. *See, e.g., Ozturk v. Trump*, 783 F. Supp. 3d 801 (D. Vt. 2025) (holding that, where petitioner's visa was revoked in retaliation for her exercising her First Amendment rights, the revocation was unlawful and her resultant detention pending removal was also unlawful). Unlike the petitioner in *Gama*, petitioner here does not have a legal impediment to removal via the promise of deferred action inherent in a valid visa, and consequently there appears no legal impediment to respondents detaining him under § 1226(a) while his removal proceedings occur. *See Gama*, 2025 WL 3559942 at *3-4 (holding that "it is clear that Petitioner's deferred action status prevents removal. As such, Respondents have no legal basis to detain Petitioner."); *see generally Ozturk*, 783 F. Supp. 3d at

7

811 ("Civil detention by the government of individuals like Ms. Ozturk [whose F-1 visa was being revoked] who are undergoing removal proceedings is authorized by Congress in 8 U.S.C. § 1226(a).").

In sum, although petitioner has shown that he possesses a liberty interest in being free from detention, he fails to show that his arrest pursuant to 8 U.S.C. § 1226(a) violated his rights to due process of law nor that he has been deprived of the process he is due under § 1226(a) during his present detention.  For this reason, petitioner has failed to demonstrate he is being held in contravention of the laws or Constitution of the United States, 28 U.S.C. § 2241, and the undersigned recommends claim one be denied.

### 2.  Claim Two: Violation of the INA

Petitioner also fails to demonstrate his entitlement to relief on his second claim.  In his petition, he alleged that respondents have detained him under 8 U.S.C. §§ 1225(b)(1), 1225(b)(2), or 1226(c), which violates the Immigration and Nationality Act.  ECF No. 1 at 15-18.  In his reply brief, however, he acknowledges that he "did not know the statutory basis of his detention" at the time he filed his petition.  ECF No. 9 at 4.  In their answer, respondents represent that petitioner is detained under 8 U.S.C. § 1226(a), not 8 U.S.C. §§ 1225(b)(1), 1225(b)(2), or 1226(c), and thus is entitled to the bond hearing provided in that section, and have supported this representation with documentary evidence.  ECF No. 8 at 1-4 & Ex. 2.  Petitioner does not dispute this in his reply.  ECF No. 9; *see generally* 8 U.S.C. § 1226(a).  Because the undisputed facts before the court refute the central factual premise of petitioner's claim, petitioner has failed to prove that his present detention violates the INA so as to entitle him to habeas corpus relief.  Thus, the undersigned recommends claim two be denied.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (ECF No. 1) be DENIED and judgment be entered in favor of respondents.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE